**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. and S.A., minors by and through their Guardian ad Litem JULIETTA CHURCHER; ALBERTO HURTADO; LINDA LEE STEELE; ALEXANDER ARENAS; KRISTIN ARENAS<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DOWNEY, DOES 1–10<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 Fourth Amendment—Excessive Force<br>2. 42 U.S.C. § 1983 Fourteenth Amendment—Denial of Familial Relationship<br>3. Battery<br>4. Negligence<br>5. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs T.A. and S.A., minor children of Decedent Alberto Arenas, by and through their Guardian ad Litem and mother Julietta Churcher; ALBERTO HURTADO and LINDA LEE STEELE, parents of Decedent Alberto Arenas; and ALEXANDER ARENAS and KRISTIN ARENAS, siblings of Decedent Alberto Arenas, for their Complaint against the CITY OF DOWNEY and DOE OFFICERS 1–10, and hereby allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory damages for the unlawful and fatal shooting of Alberto Nicolas Arenas by officers employed by the City of Downey.

## THE PARTIES

2. Decedent Alberto Arenas ("DECEDENT") resided in Downey, California at the time of his death.

3. Plaintiffs T.A. and S.A. are the minor children of DECEDENT and bring this action by and through their Guardian ad Litem and mother, Julietta Churcher, seeking damages individually and as successors-in-interest pursuant to California Code of Civil Procedure § 377.60. Plaintiffs will file declarations in compliance with California Code of Civil Procedure § 377.32.

4. Plaintiffs ALBERTO HURTADO and LINDA LEE STEELE are the parents of DECEDENT and bring this action for wrongful death damages under federal law.

5. Plaintiffs ALEXANDER ARENAS and KRISTIN ARENAS are siblings of DECEDENT and bring claims individually for negligent infliction of emotional distress.

6. Defendant CITY OF DOWNEY ("CITY") is a public entity organized under the laws of the State of California and is responsible for the

1  actions of its police officers, including DOE OFFICERS 1–10.

2      7.    DOE OFFICERS 1–10 were, at all relevant times, officers employed by the City of Downey, acting under color of law and within the course and scope of their employment.

## JURISDICTION AND VENUE

    8.    The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

    9.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

    10.    On or about June 29, 2024, at approximately 6:15 P.M., CITY police officers attempted to approach DECEDENT at or near his residence at or around the 7100 block of Stewart and Gray Road in Downey, California.

    11.    During this encounter, the involved officers fatally shot DECEDENT.

    12.    At the time of the shooting, DECEDENT did not pose an immediate threat of death or serious bodily injury to any person.

    13.    Following the shooting, the involved officers failed to timely summon medical assistance and failed to provide timely medical aid to DECEDENT.

    14.    As a result of the officers' actions, DECEDENT suffered severe

pain and suffering and died.

15. Plaintiffs ALEXANDER ARENAS and KRISTIN ARENAS were present at the scene and were contemporaneously aware of the officers' actions and resulting injury to DECEDENT.

16. Plaintiffs filed timely claims for damages with the CITY on August 20, 2024, pursuant to the California Government Claims Act.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs T.A. and S.A. against DOE OFFICERS)

17. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

18. Plaintiffs T.A. and S.A. bring this claim in their capacity as the successors-in-interest to Alberto Nicolas Arenas pursuant to California Code of Civil Procedure § 377.60.

19. DOE OFFICERS 1–10 were, at all relevant times, acting within the course and scope of their employment with Defendant CITY and under color of state law.

20. The Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment, protects individuals from the use of excessive and unreasonable force by law enforcement officers.

21. On June 29, 2024, DOE OFFICERS used excessive and unreasonable force against DECEDENT by fatally shooting him, despite the fact that he did not pose an immediate threat of death or serious bodily injury to anyone.

22. Upon information and belief, the officers further failed to promptly summon or provide medical assistance to DECEDENT after the shooting.

23. As a result of this conduct, DECEDENT endured severe pain and suffering and death.

24. The use of deadly force under the circumstances was objectively unreasonable and violated DECEDENT's Fourth Amendment rights.

25. As a direct and proximate result, Plaintiffs seek survival damages including but not limited to pre-death pain and suffering, loss of life, and attorneys' fees and costs under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

**Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. § 1983)**

(By Plaintiffs T.A. and S.A. against DOE OFFICERS)

26. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

27. Plaintiffs had a cognizable liberty interest under the Fourteenth Amendment in their familial relationship with DECEDENT.

28. DOE OFFICERS' conduct—fatally shooting DECEDENT under circumstances where he did not pose an immediate threat of serious bodily injury or death—was undertaken with deliberate indifference and a purpose to harm, unrelated to any legitimate law enforcement objective.

29. As a result, Plaintiffs have been deprived of the love, companionship, and society of DECEDENT, in violation of their substantive due process rights.

30. Plaintiffs seek wrongful death damages, along with attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiffs T.A. and S.A. against DOE OFFICERS directly and CITY vicariously)

31. Plaintiffs repeat and reallege each and every allegation in the

foregoing paragraphs as if fully set forth herein.

32. DOE OFFICERS, while acting within the scope of their employment with the CITY, intentionally used physical force—including deadly force—on DECEDENT.

33. DECEDENT did not pose an immediate threat of serious bodily harm or death to anyone at the time force was used, and no warning was provided prior to the use of lethal force.

34. The force used was not legally justified and constituted an offensive and harmful contact.

35. Defendant CITY is vicariously liable for the conduct of DOE OFFICERS under Cal. Gov't Code § 815.2.

36. Plaintiffs seek both survival and wrongful death damages under this claim.

## FOURTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiffs T.A. and S.A. against DOE OFFICERS directly and CITY vicariously)

37. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

38. DOE OFFICERS owed DECEDENT a duty to act with reasonable care, including the duty to avoid using unnecessary or excessive force, and to provide or summon prompt medical attention.

39. DOE OFFICERS breached this duty by fatally shooting DECEDENT under circumstances where he posed no immediate threat, and by failing to render or request timely medical aid.

40. As a direct and proximate result of the officers' negligence, DECEDENT suffered injury and death.

41. Defendant CITY is vicariously liable under Cal. Gov't Code §

815.2.

42. Plaintiffs seek both survival and wrongful death damages under this claim.

## FIFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

(Plaintiffs ALEXANDER ARENAS, and KRISTIN ARENAS against DOE OFFICERS directly and CITY vicariously)

43. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

44. Plaintiffs Alexander Arenas and Kristin Arenas were present at the scene of the fatal shooting of their brother, DECEDENT, and were contemporaneously aware of the harm being inflicted upon him.

45. The conduct of DOE OFFICERS was negligent and unreasonable under the circumstances, and it caused Plaintiffs severe emotional distress.

46. This emotional distress was serious and foreseeable given Plaintiffs' close familial relationship to DECEDENT and their proximity to the events as they occurred.

47. Defendant CITY is vicariously liable for these acts under Cal. Gov't Code § 815.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant CITY OF DOWNEY and DOE OFFICERS 1–10, as follows:

1. For compensatory damages according to proof at trial, including both survival damages and wrongful death damages under federal and state law;
2. For funeral and burial expenses, and loss of financial support;
3. For loss of love, companionship, comfort, care, assistance, protection,

          affection, society, and moral support

4. For statutory damages;

5. For damages for emotional distress suffered by Plaintiffs ALEXANDER ARENAS and KRISTIN ARENAS as a result of Defendants' negligent infliction of emotional distress;

6. For reasonable attorneys' fees including litigation expenses;

7. For costs of suit and interest incurred herein; and

8. For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: June 18, 2025        **LAW OFFICES OF DALE K. GALIPO**

                                By:  /s/    Dale K. Galipo
                                     Dale K. Galipo
                                     *Attorney for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby submits this demand that this action be tried in front of a jury.

DATED: June 18, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:  */s/    Dale K. Galipo*
　　　Dale K. Galipo
　　　*Attorney for Plaintiff*