LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne, Esq. (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. and S.A., minors by and through their Guardian ad Litem JULIETTA CHURCHER; ALBERTO HURTADO; LINDA LEE STEELE; ALEXANDER ARENAS; KRISTEN ARENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DOWNEY, DOES 1–10<br><br>Defendants. | Case No.: 2:25-cv-05555-MCS (ASx)<br>*District Judge Mark C. Scarsi*<br>*Magistrate Judge Alka Sagar*<br><br>Hearing:     September 8, 2025<br>Time:         9:00a.m<br>Courtroom:7C<br><br>**PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS**<br><br>[Verifications by Guardians ad Litem, Declaration of Cooper Mayne and Exhibits thereto, and Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

COME NOW Plaintiffs, T.A. and S.A., by and through their guardian ad litem Julietta Churcher, Alberto Hurtado, Linda Lee Steele, Alexander Arenas, and Kristin Arenas, and hereby respectfully submit this unopposed ex parte application

for an order approving the minor Plaintiffs' settlement of their claims and specifically setting forth the payments to be made to the them.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Cooper Alison-Mayne, which is submitted concurrently. Prior to filing this *ex parte* application, Plaintiffs' counsel contacted counsel for the Defendant, the City of Downy, in compliance with Local Rule 7-19 through 7-19.1.  Defendant has not appeared in this case yet, but they will be represented by special appearance at the hearing by:

Kimberly Sarmiento, Esq.
Scott J. Carpenter, Esq.
Steven J. Rothans, Esq.
CARPENTER, ROTHANS & DUMONT LLP
500 S. Grand Avenue, Suite 1900
Los Angeles, CA 90071
(213) 228-0400

Defendant's counsel does not oppose the filing of this application on an *ex parte* basis, nor do Defendant or their counsel oppose the proposed (revised) distribution of the settlement funds.  (Declaration of Cooper Alison-Mayne ¶ 2). Plaintiffs seek approval of the minor's compromise on an *ex parte* basis because the interest rates for the annuity will expire if this matter is heard as a regularly-noticed motion.  (Mayne Decl. at ¶ 3).


DATED:   August 21, 2025          LAW OFFICES OF DALE K. GALIPO


                                  By:  ____*/s/ Cooper Mayne*_____
                                       Dale K. Galipo
                                       Cooper Mayne
                                       *Attorneys for Plaintiffs*

APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS

**Memorandum of Points and Authorities**

## I.    INTRODUCTION

Julietta Churcher, guardian *ad litem* for minor plaintiffs T.A. and S.A., hereby submits this petition and proposed order for approval of the compromise of the claims of T.A., and S.A. ("Minor Plaintiffs") in this matter, and request that the Court approve of the proposed distribution of the minors' funds. Julietta Churcher is T.A.'s and S.A.'s legal guardian and natural mother.

The instant claims of minor plaintiffs T.A. and S.A. arose out of the fatal shooting of their father, decedent Alberto Arenas, by City of Downey police officers on June 29, 2024.  Mr. Arenas was in his backyard when he was shot and killed after an altercation with the police in which Mr. Arenas armed himself with an airsoft rifle that resembled an assault rifle, and his children (T.A., and S.A.)  brought their claims as successors in interest to Mr. Arenas.

Plaintiffs and Defendant have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper City of Downey authorities.

The settlement agreement obligates Defendant to pay Plaintiffs and their attorneys of record the total gross sum of $900,000 divided between the Plaintiffs in the gross amounts as follows:

| | |
|---|---|
| T.A. and his attorneys | $400,000 |
| S.A. and his attorneys | $400,000 |
| Alberto Hurtado and his attorneys | $43,000 |
| Linda Steele and her attorneys | $25,000 |
| Alexander Arenas and his attorneys | $16,000 |
| Kristen Arenas and her attorneys | $16,000 |

(Mayne Decl. at ¶ 5).

## II.    DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c)

provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry "to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minors' claims to assure itself that the minors' interests are protected, even if the settlement has been recommended or negotiated by the minors' parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Julietta Churcher, guardian *ad litem* for minor plaintiffs T.A.

-4-

and S.A.

2. Minor plaintiffs T.A., and S.A. are the minor children of the decedent in this case, Alberto Arenas, and bring their claims as successors in interest to Mr. Arenas. S.A. was born on October 22, 2023.  T.A. was born on November 29, 2021. (Mayne Decl. at ¶ 4).

3. Pursuant to the settlement agreement, the minors' claims will be compromised without a trial on the merits. (Mayne Decl. at ¶ 5).

4. Plaintiffs T.A.'s, and S.A.'s damages in this case arise from (1) the injuries suffered by their father, Alberto Arenas (the decedent), for which Plaintiffs T.A. and S.A. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiffs T.A.'s and S.A.'s individual losses of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). (Mayne Decl. at ¶ 6).

5. The total amount of the settlement that Defendant City of Downey agrees to pay is $900,000.  Plaintiffs' attorneys are requesting attorneys' fees of 33.3% of the $900,000 in gross settlement proceeds.  (Mayne Decl. at ¶ 7).

Plaintiffs' attorneys also seek reimbursement for each minor plaintiff's pro rata share of Plaintiffs' total advanced litigation costs.   (Mayne Decl. at ¶ 8.) Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $2,284.15.  Each minor plaintiff's pro rata share of the litigation costs is as follows:

T.A.: $1,015.18

S.A.: $1,015.18

These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case.  Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo that provide for a 40% contingency fee. However, Plaintiffs' attorneys have agreed to accept a reduced 33.3% contingency fee in this case, which is a total of $300,000, divided as follows:

(1) $133,333 from T.A.; (3) $133,333 from S.A.; (3) $5,333.33 from adult plaintiff Alexander Arenas.; (4) $5,333.33 from adult plaintiff Kristin Arenas; (5) $8,333.33 from adult plaintiff Linda Lee Steele; and (6) $14,333.33 from adult plaintiff Alberto Hurtado.  (Mayne Decl. at ¶ 8).

The 33.3% contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case.  Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country.  Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013.  In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States.  Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America.  In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA").  Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). (Mayne Decl. at ¶ 9).

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the police shooting case *Lewis v. County of Kern*, tried in federal court before the Honorable Kirk E. Sheriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,200,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case

1  *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable

2  Cormac J. Carney.  (Mayne Decl. at ¶ 9).

3      Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000

4  an hour and up to $1,400 an hour by multiple federal courts.  In the case *L.D. v. City*

5  *of Los Angeles*, tried in federal court in January 2020 in front of the Honorable

6  Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge

7  Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee

8  motion brought post-trial pursuant to 42 U.S.C. § 1988.  In the case *Donastorg v.*

9  *City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G.

10  Bernal, Mr. Galipo was also awarded $1,100 per hour.  In *Craig v. County of*

11  *Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney

12  awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court

13  case and $1,200 per hour for work in defending defendants' appeals to the Ninth

14  Circuit and the Supreme Court.  Also in 2019, Judge Carney awarded Mr. Galipo

15  $1,200 per hour for his work in defending the defendants' appeals of the verdict in

16  the case *Valenzuela v. City of Anaheim*.  In *French v. City of Los Angeles*, Judge

17  Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district

18  court level.  In the same case, after the plaintiffs prevailed against the City's appeal,

19  Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an

20  order dated February 21, 2024.  Mr. Galipo's hourly rates as awarded by these

21  federal judges support Plaintiffs' attorneys' request for the full 33.3% contingency

22  attorney fee in this case.  (Mayne Decl. at ¶ 9).

23      Additionally, this case involved a substantial amount of risk.  If the Law

24  Offices of Dale K. Galipo were not awarded a fully compensatory fee in cases such

25  as this one, it would not be able to take such difficult cases.  In turn, minor plaintiffs

26  such as T.A. and S.A. would not be able to attract competent counsel who could

27  achieve similar results.  Accordingly, Plaintiffs' attorneys request reimbursement of

28  the full amount of their attorneys' fees and costs.  (Mayne Decl. at ¶ 9).

-7-

7. As stated above, the gross amount of the settlement is $900,000.  After deducting requested attorneys' fees and deducting the pro-rata share of, the total net settlement proceeds to the Minor Plaintiffs are as follows:

**T.A.: $265,652.00**

**S.A.: $265,652.00**

(Mayne Decl. at ¶ 10).

8. It is requested that $265,652.00 be used to fund a structured settlement annuity for T.A.  Attached as "Exhibit A" to the Declaration of Cooper Mayne is the proposed structured settlement annuity for T.A., which is incorporated herein in its entirety by reference. T.A.'s guardian *ad litem,* Julietta Churcher, agrees to this proposal and believes that it is in the best interests of T.A.  (Mayne Decl. at ¶ 11).

It is further requested that $265,652.00 be used to fund a structured settlement annuity for S.A.  Attached as "Exhibit A" to the Declaration of Cooper Mayne is the proposed structured settlement annuity for S.A., which is incorporated herein in its entirety by reference. S.A.'s guardian *ad litem,* Julietta Churcher, agrees to this proposal and believes that it is in the best interests of S.A.  (Mayne Decl. at ¶ 11).

9. The moving guardian *ad litem* does not have any claims against the minor plaintiffs in connection with the subject incident.   (Mayne Decl. at ¶ 13).

11. California Welfare and Institutions Code Section 14124.73 does not apply.

12. This motion does not seek an order for payment of money to a special needs trust.  (Mayne Decl. at ¶ 12).

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Cooper Mayne (California State Bar Number 343169), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action.  (Mayne Decl. at ¶ 14).

2. Plaintiffs' attorneys did not become concerned with this matter at the

instance of any party against whom the claims of any of the minor plaintiffs are asserted.  (Mayne Decl. at ¶ 15).

3. The Law Offices of Dale K. Galipo are not employed by any other party or any insurance carrier involved in the matter.  (Mayne Decl. at ¶ 16).

4. Plaintiffs' attorneys have not to date received any compensation for their services in connection herewith from any person.  (Mayne Decl. at ¶ 17).

5. In addition to receiving compensation from the Minor Plaintiffs' shares of the settlement as described herein, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to adult Plaintiffs Alberto Hurtado, Linda Lee Steele, Alexander Arenas, and Kristin Arenas as follows: (1) Plaintiffs' attorneys will receive $14,333.33 in attorneys' fees from Alberto Hurtado's portion of the settlement and reimbursement from Alberto Hurtado the amount of his pro rata share of costs advanced, which is $109.13; (2) Plaintiffs' attorneys will receive $8,333.33 in attorneys' fees from Linda Lee Steele's portion of the settlement and reimbursement from Linda Lee Steele the amount of her pro rata share of costs advanced, which is $63.45; (3) Plaintiffs' attorneys will receive $5,333.33 in attorneys' fees from Alexander Arenas' portion of the settlement and reimbursement from Alexander Arenas the amount of his pro rata share of costs advanced, which is $40.61; and (4) Plaintiffs' attorneys will receive $5,333.33 in attorneys' fees from Kristen Arenas' portion of the settlement and reimbursement from Kristen Arenas the amount of her pro rata share of costs advanced, which is $40.61.  (Mayne Decl. at ¶ 18).

6. The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit. However, Plaintiffs attorneys have agreed to accept a 33.3 percent attorney fee recovery in this case.  (Mayne Decl. at ¶ 7).

**Petitioners' Endorsements:**

Petitioner Julietta Churcher, guardian ad litem for the minors in this case, has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to their minors' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the Minor Plaintiffs will be forever barred from seeking any further recovery of compensation even though the minors' injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the Minor Plaintiff(s) for whom she has been designated as the guardian ad litem has made some sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to the Minor Plaintiffs as being fair, reasonable, and in the best interest of the Minor Plaintiffs, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

Petitioner Julietta Churcher requests that the Court enter the proposal attached to the Declaration of Cooper Mayne as "Exhibit A" for T.A. and S.A. Specifically, Petitioner Julietta Churcher requests that the Court enter the Proposed Order filed concurrently herewith. Petitioner Julietta Churcher's verification is attached hereto.

## III.    **CONCLUSION**

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED:   August 21, 2025            LAW OFFICES OF DALE K. GALIPO

By: _____ */s/ Cooper Mayne* _____

APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS

1    Dale K. Galipo
2    Cooper Mayne
     *Attorneys for Plaintiffs*
3

4

5

6    **VERIFICATION BY MINOR'S GUARDIAN AD LITEM**

7        I declare under penalty of perjury pursuant to the laws of the United States

8    that the foregoing is true and correct.

9    Executed on this 15___ day of November 2024, at Los Angeles _____, California.

10

11   Julietta Churcher, guardian ad litem for
     T.A. and S.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS