LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Cooper Mayne, Esq. (SBN 343169)
Email: cmayne@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. and S.A., minors by and through their Guardian ad Litem JULIETTA CHURCHER; ALBERTO HURTADO; LINDA LEE STEELE; ALEXANDER ARENAS; KRISTEN ARENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DOWNEY, DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05555-MCS (ASx)<br>*District Judge Mark C. Scarsi*<br>*Magistrate Judge Alka Sagar*<br><br>**DECLARATION OF COOPER MAYNE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS** |

## **DECLARATION OF COOPER MAYNE**

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' application for approval of the compromise of the claims of Minor Plaintiffs in this case (T.A., a minor, by and through guardian *ad litem* Julietta Churcher, individually and as successor in interest to Alberto Arenas, deceased; and S.A., a minor, by and through guardian *ad litem* Julietta Churcher, individually and as successors in interest to Alberto Arenas, deceased) (hereinafter, "the Minor Plaintiffs").

2. I spoke with Kimberly Sarmiento, attorney for the City of Downey, who confirmed that Defendant does not oppose the filing of this application on an *ex parte* basis, nor do they or their counsel oppose the proposed distribution of the settlement funds.

3. The terms of the annuity to be purchased pursuant to this application are time-sensitive, as interest rates fluctuate. If approval were delayed until a regularly noticed motion could be heard, the quoted rates would likely expire before Defendant was ordered to purchase the annuity.

4. Minor plaintiffs T.A., and S.A. are the minor children of the decedent in this case, Alberto Arenas, and bring their claims as successors in interest to Mr. Arenas. S.A. was born on October 22, 2023. T.A. was born on November 29, 2021.

5. The settlement agreement obligates Defendant to pay Plaintiffs and their attorneys of record the total gross sum of $900,000 divided between the Plaintiffs in the gross amounts as follows:

| | |
|---|---:|
| T.A. and his attorneys | $400,000 |
| S.A. and his attorneys | $400,000 |
| Alberto Hurtado and his attorneys | $43,000 |

-2-
DECLARATION OF COOPER MAYNE

| | |
|---|---|
| Linda Lee Steele and her attorneys | $25,000 |
| Alexander Arenas and his attorneys | $16,000 |
| Kristen Arenas and her attorneys | $16,000 |

Plaintiffs have agreed to settle their claims without a trial on the merits.

6. Plaintiffs T.A.'s and S.A.'s damages in this case arise from (1) the injuries suffered by their father, Alberto Arenas (the decedent), for which Plaintiffs T.A. and S.A. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiffs T.A.'s and S.A.'s individual losses of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

7. Plaintiffs' attorneys are requesting attorneys' fees of 33.3% of the $900,000 in gross settlement proceeds. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo that provide for a 40% contingency fee. However, Plaintiffs' attorneys have agreed to accept a reduced 33.3% contingency fee in this case, which is a total of $300,000, divided as follows: (1) $133,33.33 from T.A.; (2) $133,333.33 from S.A.; (3) $5,333.33 from adult plaintiff Alexander Arenas; (4) $5,333.33 from adult plaintiff Kristin Arenas; (5) $8,333.33 from adult plaintiff Linda Lee Steele; and (6) $14,333.33 from adult plaintiff Alberto Hurtado.

8. Plaintiffs' attorneys also seek reimbursement for each minor plaintiff's pro rata share of Plaintiffs' total advanced litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $2,284.15. Each minor plaintiff's pro rata share of the litigation costs is as follows:

T.A.: $1,015.18

S.A.: $1,015.18

9. The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel. Mr. Galipo is

one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the shooting case *Lewis v. County of Kern*, tried in federal court before the Honorable Kirk E. Sheriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023 before the Honorable Dolly M. Gee; $17,200,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

Mr. Galipo has recently been awarded statutory attorney fee rates of over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In the case

*Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case, as well as $1,200 per hour for his work in defending defendants' appeals to the Ninth Circuit and the Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 33.3% contingency attorney fee in this case.

Additionally, this case involved a substantial amount of risk. If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in cases such as this one, it would not be able to take such difficult cases. In turn, minor plaintiffs such as T.A. and S.A. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs.

10. As stated above, the gross amount of the settlement is $900,000. After deducting requested attorneys' fees and deducting and the pro-rata share of costs and lien asserted against D.S.'s share of the settlement, the total net settlement proceeds to the Minor Plaintiffs are as follows:

**T.A.: $265,652.00**

**S.A.: $265,652.00**

11. It is requested that $265,652.00 be used to fund a structured settlement annuity for T.A. Attached as "Exhibit A" to the Declaration of Cooper Mayne is the

proposed structured settlement annuity for T.A., which is incorporated herein in its entirety by reference. T.A.'s guardian *ad litem,* Julietta Churcher, agrees to this proposal and believes that it is in the best interests of T.A.

It is further requested that $265,652.00 be used to fund a structured settlement annuity for S.A. Attached as "Exhibit A" to the Declaration of Cooper Mayne is the proposed structured settlement annuity for S.A., which is incorporated herein in its entirety by reference. S.A.'s guardian *ad litem,* Julietta Churcher, agrees to this proposal and believes that it is in the best interests of T.B.

12. This application or petition does not seek an order for payment of money to a special needs trust.

13. The moving guardian *ad litem* does not have any claims against the minor plaintiffs in connection with the subject incident.

14. I (attorney Cooper Mayne, California State Bar Number 343169) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents the Plaintiffs in this action.

15. Plaintiffs' attorneys did not become concerned with this matter at the instance of any party against whom the claims of the Minor Plaintiffs are asserted.

16. Plaintiffs' attorneys are not employed by any other party or any insurance carrier involved in the matter.

17. Plaintiffs' attorneys have not to date received any compensation for their services in connection herewith from any person.

18. In addition to receiving compensation from the Minor Plaintiffs' shares of the settlement as described herein, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to adult Plaintiffs Alberto Hurtado, Linda Lee Steele, Alexander Arenas, and Kristin Arenas as follows: (1) Plaintiffs' attorneys will receive $14,333.33 in attorneys' fees from Alberto Hurtado's portion of the settlement and

reimbursement from Alberto Hurtado the amount of his pro rata share of costs advanced, which is $109.13; (2) Plaintiffs' attorneys will receive $8,333.33 in attorneys' fees from Linda Lee Steele's portion of the settlement and reimbursement from Linda Lee Steele the amount of her pro rata share of costs advanced, which is $63.45; (3) Plaintiffs' attorneys will receive $5,333.33 in attorneys' fees from Alexander Arenas' portion of the settlement and reimbursement from Alexander Cleveland Arenas the amount of his pro rata share of costs advanced, which is $40.61; and (4) Plaintiffs' attorneys will receive $5,333.33 in attorneys' fees from Kristen Arenas' portion of the settlement and reimbursement from Kristen Noel Arenas the amount of her pro rata share of costs advanced, which is $40.61.

19. Attached hereto as "Exhibit B" is a group of documents from Metropolitan Tower Life Insurance Company including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 21st day of August at Woodland Hills, California.

*/s/ Cooper Mayne*
Cooper Mayne