UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05555-MCS-AS | Date | August 22, 2025 |
| Title | T.A. v. City of Downey | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER REQUIRING ADDITIONAL DOCUMENTATION RE: EX PARTE APPLICATION FOR APPROVAL OF MINORS' COMPROMISE (ECF NO. 19)**

Plaintiffs T.A. and S.A., by and through their guardian ad litem Julietta Churcher, filed an unopposed ex parte application for approval of the minors' settlement of their claims. (Appl., ECF No. 19.) Local Rule 17-1.3 requires that "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." California Rule of Court 3.1384 requires compliance with California Rules of Court 7.950, 7.951, and 7.952.

California Rule of Court 7.952 states that "[t]he person petitioning for approval of the compromise of the claim on behalf of the minor . . . and the minor . . . must attend the hearing on the petition unless the court for good cause dispenses with their personal appearance." Because the application is unopposed, seeks relief on an expedited timetable, and is suitable for decision without oral argument, *see* Fed. R. Civ. P. 78(b), C.D. Cal. R. 7-15, good cause exists to rule on the application without a hearing, *see S.C. v. Alaska Airlines, Inc.*, No. CV 20-6245-RSWL-ASx, 2021 U.S. Dist. LEXIS 136094, at *8 (C.D. Cal. July 20, 2021)

(approving an application for minor's compromise without a hearing). The Court vacates the hearing scheduled for September 8, 2025.

Notwithstanding, the Court has identified the following issues with the application preventing its adjudication. Within seven days, Plaintiffs shall provide additional filings as set forth below. Failure to do so will result in denial of the application and sanctions imposed on counsel.

The declaration of Cooper Mayne was filed without exhibits attached. Plaintiffs shall submit an amended declaration attaching the missing exhibits.

California Rule of Court 7.950 requires a minor's compromise petition to "be submitted on a completed *Petition for Approval of Compromise of Claim or Action or Disposition of Proceeds of Judgment for Minor or Person with a Disability* (form MC-350)." The Form MC-350 must be, inter alia, verified by the petitioners. *See K.A.K. ex rel. Keefer v. Kohl's Dep't Stores, Inc.*, No. CV 19-3276-RSWL-JPR, 2020 WL 10047004, at *2 (C.D. Cal. Sept. 25, 2020). Plaintiffs' application is unaccompanied by a completed Form MC-350. The application is verified and provides much of the information prompted by the form, but some information is missing—for example, an itemization of costs counsel seeks to recover. Moreover, use of the form would facilitate judicial processing of the application on an expedited basis. Plaintiffs must file a verified Form MC-350.

To resolve the motion, the Court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The Court must decide "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011). While the net settlement amount for the minors is significant, the application provides little discussion of the merits and risks of Plaintiffs' case sufficient for the Court to evaluate the fairness of the compromise in light of the serious allegations in the complaint. Plaintiffs shall submit a brief, declaration, and/or evidence supporting their contention that the settlement is fair and reasonable.

**IT IS SO ORDERED.**