LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Cooper Mayne, Esq. (SBN 343169)
Email: cmayne@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. and S.A., minors by and through their Guardian ad Litem JULIETTA CHURCHER; ALBERTO HURTADO; LINDA LEE STEELE; ALEXANDER ARENAS; KRISTEN ARENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DOWNEY, DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05555-MCS (ASx)<br>*District Judge Mark C. Scarsi*<br>*Magistrate Judge Alka Sagar*<br><br>**DECLARATION OF DALE K. GALIPO RE COURT'S MINUTE ORDER [DKT. 21] AND IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS** |

# DECLARATION OF DALE K. GALIPO

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am the lead attorney of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in response to the Court's Minute Order of August 22, 2025 [Dkt. 21] and in support of Plaintiffs' application for approval of the compromise of the claims of Minor Plaintiffs in this case (T.A., a minor, by and through guardian *ad litem* Julietta Churcher, individually and as successor in interest to Alberto Arenas, deceased; and S.A., a minor, by and through guardian *ad litem* Julietta Churcher, individually and as successors in interest to Alberto Arenas, deceased) (hereinafter, "the Minor Plaintiffs").

2. As requested by the Court, a completed Form MC-350 is attached hereto as "**Exhibit A**."

3. In this case, the defendant police officers encountered Plaintiffs' decedent, Alberto Arenas, armed with what appeared to be a real firearm. Our review of the evidence indicated that, just prior to the fatal shooting of Mr. Arenas, Mr. Arenas raised the apparent firearm over a fence, with the officers standing on the other side. Additional details regarding the incident are provided in Attachment 6 to the concurrently filed Form MC-350.

4. I have practiced for over 35 years as an attorney, and for over 22 years as a civil rights attorney, and have tried approximately 100 cases in this area. Based on this experience, in negotiating the settlement in this case, I understood that it is very challenging to prevail at trial in a case where an individual is holding what appears to be a real firearm and where officers shoot after perceiving a firearm being held or oriented in the officers' direction. In my estimation, this heightened the risk of a defense verdict at trial, or of a low jury award in the event of a Plaintiffs' verdict.

5. Additionally, based on my experience as a civil rights attorney, I also understood that a case like this one presented a challenging fact pattern for overcoming qualified immunity, which is routinely raised as a defense in actions of this kind proceeding in federal court.

6. In light of the foregoing considerations, as Plaintiffs' lead counsel, I felt that securing an early settlement was in the best interest of the Plaintiffs. I worked hard in securing this settlement for Plaintiffs through a protracted mediation, and in pressing for the highest amount possible for them. At the time, Plaintiffs were aware of the serious risks presented by this case if the case were to move forward and were very thankful and appreciative for my efforts in getting the case resolved and for the amount of the settlement. Accordingly, in my professional judgment, I feel this is a very favorable settlement for Plaintiffs under the facts and circumstances presented in this case.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 26th day of August at Woodland Hills, California.

*/s/ Dale K. Galipo*
Dale K. Galipo

# EXHIBIT A

MC-350

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Law Offices of Dale K. Galipo<br>Dale K. Galipo (SBN 144074); Cooper Mayne (SBN 343169)<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 347-3333    FAX NO. *(Optional)*: (818) 347-4118<br>E-MAIL ADDRESS *(Optional)*: dalekgalipo@yahoo.com; cmayne@galipolaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** N/A (U.S. District Court - CACD)<br>STREET ADDRESS: 350 W. 1st Street, Courtroom 7C, 7th Floor<br>MAILING ADDRESS: 350 W. 1st Street, Courtroom 7C, 7th Floor<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District of California | |

| CASE NAME:<br>T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER:<br>2:25-cv-05555-MCS (ASx) |
|---|---|

| **PETITION TO APPROVE:** ☐ **COMPROMISE OF DISPUTED CLAIM**<br>☐ **COMPROMISE OF PENDING ACTION**<br>☐ **DISPOSITION OF PROCEEDS OF JUDGMENT**<br>  ☐ Minor   ☐ Person With a Disability | HEARING DATE:<br>N/A |  |
|---|---|---|
|  | DEPT.: N/A | TIME: N/A |

**NOTICE TO PETITIONERS:**
Except as noted below, you must use this form to request court approval of (1) the compromise of a disputed claim of a minor, (2) the compromise of a pending action or proceeding in which a minor or a person with a disability (including a conservatee) is a party, or (3) the disposition of the proceeds of a judgment for a minor or person with a disability. (See Code Civ. Proc., § 372; Prob. Code, § 3600 et seq.) You and the minor or disabled person must attend the hearing on this petition unless the court for good cause dispenses with a personal appearance. The court may require the presence and testimony of witnesses, including the attending or examining physician, and other evidence relating to the merits of the claim and the nature and extent of the injury, care, treatment, and hospitalization. The court may consider on an expedited basis without a hearing requests for approval of the compromises of certain claims and actions or the disposition of the proceeds of certain judgments. If your claim, action, or judgment qualifies for expedited consideration and you want to request it, you must use form MC-350EX for your request. See Cal. Rules of Court, rule 7.950.5.

1. **Petitioner** *(name)*: Julietta Churcher
2. **Claimant** *(name)*: T.A. and S.A.
   a. Address: 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367
   b. Date of birth: See Att. 12   c. Age:   d. Sex:   e. ☐ Minor   ☐ Person with a disability
3. **Relationship**   Petitioner's relationship to the claimant *(check all applicable boxes)*:
   a. ☐ Parent           g. ☐ Other relationship *(specify:)*
   b. ☑ Guardian ad litem
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☐ Disabled adult claimant is a petitioner. *(See instructions for items 3e and 3f below.)*
   f. ☐ Disabled adult claimant's express consent to the relief requested in this petition is provided on Attachment 3f.
   *(If you checked item 3e or 3f, state facts on Attachment 3e or 3f showing that the claimant has capacity under Probate Code section 812 to petition or consent to a petition. Only an adult claimant who has sufficient capacity and who does not have a conservator of the estate may petition or consent to a petition. See Probate Code section 3613.)*
4. **Nature of claim**   The claim of the minor or adult person with a disability:
   a. ☐ Has not been filed in an action or proceeding. *(Complete items 5–23.)*
   b. ☑ Is the subject of a pending action or proceeding that will be compromised without a trial on the merits of the claim.
      Name of court: Central District of California
      Case no.: 2:25-cv-05555-MCS (ASx)      Trial date: N/A      *(Complete items 5–23.)*

Page 1 of 10

| Form Adopted for<br>Alternative Mandatory Use<br>Judicial Council of California<br>MC-350 [Rev. January 1, 2011] | **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM<br>OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF<br>JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**<br>**(Miscellaneous)** | Code of Civil Procedure, § 372 et seq.;<br>Probate Code, § 3500 et seq.;<br>Cal. Rules of Court, rules 3.1384,<br>7.101, 7.950, 7.951<br>www.courts.ca.gov |
|---|---|---|

**MC-350**

| CASE NAME: <br> T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER: <br> 2:25-cv-05555-MCS (ASx) |
|---|---|

4. **Nature of claim** The claim of the minor or adult person with a disability:
   c. ☐ Is the subject of a pending action or proceeding that has been or will be reduced to a judgment for the claimant against the defendants named below in the total amount (exclusive of interest and costs) of *(specify below)*:

   $ _____

   <u>Defendants *(names)*</u>

   ☐ Additional defendants listed on Attachment 4.   ☐ The judgment was filed on *(date)*:
   *(Attach a copy of the (proposed) judgment as Attachment 4c and complete items 13–23.)*

5. ☑ **Incident or accident** The incident or accident occurred as follows:
   a. Date and time: 6/29/24
   b. Place: City of Downey

   c. Persons involved *(names)*: Alberto Arenas (deceased)
      City of Downey, Does 1-10 police officers

   ☐ Continued on Attachment 5.

6. ☑ **Nature of incident or accident**
   The facts, events, and circumstances of the incident or accident are *(describe)*:
   See Attachment 6.

   ☑ Continued on Attachment 6.

7. ☑ **Injuries**
   The following injuries were sustained by the claimant as a result of the incident or accident *(describe)*:

   Survival damages and wrongful death damages; loss of financial support; loss of care, companionship, assistance, protection, affection, and moral support

   ☐ Continued on Attachment 7.

8. ☐ **Treatment**
   The claimant received the following care and treatment for the injuries described in item 7 *(describe)*:

   ☐ Continued on Attachment 8.

| MC-350 [Rev. January 1, 2011] | **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY** <br> (Miscellaneous) | Page 2 of 10 |

| | |
|---|---|
| **MC-350** | |
| CASE NAME:<br>T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER:<br>2:25-cv-05555-MCS (ASx) |

9. [✓] **Extent of injuries and recovery** *(An original or a photocopy of all doctors' reports containing a diagnosis of and prognosis for the claimant's injuries, and a report of the claimant's present condition, must be attached to this petition as Attachment 9. A new report is not necessary so long as a previous report accurately describes the claimant's current condition.)*

   a. [ ] The claimant has recovered completely from the effects of the injuries described in item 7, and there are no permanent injuries.

   b. [ ] The claimant has not recovered completely from the effects of the injuries described in item 7, and the following injuries from which the claimant has not recovered are temporary *(describe the remaining injuries):*

   [ ] Continued on Attachment 9b.

   c. [✓] The claimant has not recovered completely from the effects of the injuries described in item 7, and the following injuries from which the claimant has not recovered are permanent *(describe the permanent injuries):*

   All injuries described in item 7 are permanent, based on the loss of Plaintiffs' decedent

   [ ] Continued on Attachment 9c.

10. [✓] Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident or accident in which the claimant was injured; the responsibility for the incident or accident; and the nature, extent, and seriousness of the claimant's injuries. Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation from the settling defendants named below even though the claimant's injuries may in the future appear to be more serious than they are now thought to be.

11. [✓] **Amount and terms of settlement**

   By way of settlement, the defendants named below have offered to pay the following sums to the claimant:

   a. The total amount offered by all defendants named below is *(specify):* $ 800,000

   b. The defendants and amounts offered by each are as follows *(specify):*

   | Defendants *(names)* | Amounts |
   |---|---|
   | City of Downey | $ 800,000 |
   | | $ |
   | | $ |
   | | $ |
   | | $ |

   [ ] Defendants and amounts offered continued on Attachment 11.

   c. The terms of settlement are as follows *(if the settlement is to be paid in installments, both the total amount and the present value of the settlement must be included):*

   [ ] Continued on Attachment 11.

| | | |
|---|---|---|
| MC-350 [Rev. January 1, 2011] | **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**<br>**(Miscellaneous)** | Page 3 of 10 |

MC-350

| CASE NAME: T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER: 2:25-cv-05555-MCS (ASx) |
|---|---|

12. [✓] **Settlement payments to others**
   a. [ ] No defendant named in item 11b has offered to pay money to any person or persons other than the claimant to settle claims arising out of the same incident or accident that resulted in the claimant's injury.
   b. [✓] By way of settlement, one or more defendants named in item 11b have also offered to pay money to a person or persons other than claimant to settle claims arising out of the same incident or accident that resulted in the claimant's injury.
   　(1) The total amount offered by all defendants to others *(specify):*　　$ 100,000
   　(2) Petitioner [✓] is not [ ] is　a claimant against the recovery of the claimant (other than for reimbursement for expenses paid by petitioner and listed under item 15).
   　　*(If you answered "is," explain in Attachment 12 the circumstances and the effect your claim has on the proposed compromise of the claim described in this petition.)*
   　(3) Petitioner [✓] is not [ ] is　a plaintiff in the same action with the claimant.
   　　*(If you answered "is," explain in Attachment 12 the circumstances and the effect your claim and its disposition has on the proposed compromise of the claim or action described in this petition.)*
   　(4) [ ] Petitioner would receive money under the proposed settlement.
   　(5) The settlement payments are to be apportioned and distributed as follows:

   | Other plaintiffs or claimants *(names)* | Amounts |
   |---|---|
   | Alberto Hurtado | $ 43,000 |
   | Linda Steele | $ 25,000 |
   | Alexander Arenas | $ 16,000 |
   | Kristen Arenas | $ 16,000 |

   　　[✓] Additional plaintiffs or claimants and amounts are listed on Attachment 12.
   　(6) **Reasons for the apportionment of the settlement payments between the claimant and each other plaintiff or claimant named above are specified on Attachment 12.**

13. **The claimant's medical expenses, including medical expenses paid by petitioner and insurers, to be reimbursed from proceeds of settlement or judgment**
   a. Totals
   　(1) Total medical expenses:　$ _____
   　(2) Total outstanding medical expenses to be paid from the proceeds:　$ _____
   　(3) Total out-of-pocket, co-payments, or deductible payments to be reimbursed from proceeds:　$ _____
   b. Medical expenses were paid and are to be reimbursed from proceeds as follows:
   　(1) [ ] Paid by petitioner in the amount of:　$ _____
   　(2) [ ] Paid by private health insurance or a self-funded plan under:
   　　(a) [ ] An Employee Retirement Income Security Act (ERISA) insured plan.
   　　(b) [ ] An ERISA self-funded plan.
   　　(c) [ ] A Non-ERISA insured plan.
   　　(d) [ ] A Non-ERISA self-funded plan.
   　　(e) Amount paid by plan:　$ _____
   　　(f) Amount of reimbursement to the plan from proceeds of settlement or judgment:
   　　　(i) [ ] No reimbursement is requested by the plan.
   　　　(ii) [ ] Reimbursement is to be made to the plan and:
   　　　　(A) [ ] There is a contractual reduction of $ ( _____ )
   　　　　(B) [ ] There is a negotiated reduction of  $ ( _____ )
   　　　　(C) [ ] No reduction has been agreed to,
   　　　　for a total reimbursement to the plan in the amount of:　$ _____

MC-350

| CASE NAME: | CASE NUMBER: |
|---|---|
| T.A., S.A., et al. v. City of Downey, et al. | 2:25-cv-05555-MCS (ASx) |

13. **The claimant's medical expenses, including medical expenses paid by petitioner and insurers, to be reimbursed from proceeds of settlement or judgment**

   b. Medical expenses were paid and are to be reimbursed from proceeds as follows:

      (3) ☐ Paid by Medicare in the amount of: $ _____

      less the statutory reduction in the amount of: $ (_____)

      for a total reimbursement to Medicare in the amount of: $ _____

      *(Attach a copy of the final Medicare demand letter or letter agreement as Attachment 13b(3).)*

      (4) ☐ Paid by Medi-Cal in the amount of $ _____

         (a) ☐ Notice of this claim or action has been given to the State Director of Health Care Services under Welfare and Institutions Code section 14124.73. A copy of the notice and proof of its delivery ☐ is attached. ☐ was filed in this matter on *(date):*

         (b) ☐ Notice of this claim or action has **not** been given to the State Director of Health Care Services. *(Explain why notice has not been given in Attachment 13b(4).)*

         (c) ☐ In full satisfaction of its lien rights, Medi-Cal has agreed to accept reimbursement in the amount of: $ _____

         *(Attach a copy of the final Medi-Cal demand letter or letter agreement as Attachment 13b(4).)*

         (d) ☐ Petitioner is entitled to a reduction of the Medi-Cal lien under Welfare and Institutions Code section 14124.76 and:

           (i) ☐ Is filing a motion seeking a reduction of the lien concurrently with this petition.

           (ii) ☐ Requests that the court reserve jurisdiction over this issue.

         The amount of the lien in dispute is: $ _____

      (5) ☐ (a) There are one or more statutory or contractual liens of medical service providers for payment of medical expenses. The total amount claimed under these liens is: $ _____. In full satisfaction of their lien claims, the lienholders have agreed to accept the total sum of: $ _____

         *(Provide requested information on each lienholder and certain other medical service providers below.)*

         (b) The name of each medical service provider that furnished care and treatment to claimant and (1) has a lien for all or any part of the charges or (2) was paid (or will be paid from the proceeds) by petitioner for which petitioner requests reimbursement; the amounts charged and paid; the amount of negotiated reduction of charges, if any; and the amount to be paid from the proceeds of the settlement or judgment to each provider are as follows:

           (i) (A) Provider *(name):*
              (B) Address:

              (C) Amount charged: $ _____
              (D) Amount paid (whether or not by insurance): $ (_____)
              (E) Negotiated reduction, if any: $ (_____)
              (F) Amount to be paid from proceeds of settlement or judgment: $ _____

           (ii) (A) Provider *(name):*
              (B) Address:

              (C) Amount charged: $ _____
              (D) Amount paid (whether or not by insurance): $ (_____)
              (E) Negotiated reduction, if any: $ (_____)
              (F) Amount to be paid from proceeds of settlement or judgment: $ _____

         ☐ Continued on Attachment 13b(5). *(Provide information about additional providers in the above format, including providers paid or to be paid by petitioner for which reimbursement is requested in item 13b(1) above. You may use form MC-350(A-13b(5)) for this purpose.)*

MC-350 [Rev. January 1, 2011]

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

Page 5 of 10

MC-350

| CASE NAME: | CASE NUMBER: |
|---|---|
| T.A., S.A., et al. v. City of Downey, et al. | 2:25-cv-05555-MCS (ASx) |

14. **The claimant's attorney's fees and all other expenses (except medical expenses), including expenses advanced by claimant's attorney or paid or incurred by petitioner to be reimbursed from proceeds of settlement or judgment**

   a. Total amount of attorney's fees for which court approval is requested: $ 266,666.66

   *(If fees are requested, attach as Attachment 14a, a declaration from the attorney explaining the basis for the request, including a discussion of applicable factors listed in rule 7.955(b) of the Cal. Rules of Court. Respond to item 18a(2) on page 7 and attach a copy of any written attorney fee agreement as Attachment 18a.)*

   b. The following additional items of expense (other than medical expenses) have been incurred or paid, are reasonable, resulted from the incident or accident, and should be paid out of claimant's share of the proceeds of the settlement or judgment:

   | Items | Payees *(names)* | Amounts |
   |---|---|---|
   | Filing Fee to Central District Court | TA | $ 180 |
   | Filing Fee to Central District Court | SA | $ 180 |
   | Los Angeles Medical Examiner-Coroner | TA | $ 26.67 |
   | Los Angeles Medical Examiner-Coroner | SA | $ 26.67 |
   | FedEx Label return Funeral Burial Costs docs | TA | $ 4.09 |
   | FedEx Label return Funeral Burial Costs docs | SA | $ 4.09 |
   | FedEx shipping for claim | TA | $ 4.42 |
   | FedEx shipping for claim | SA | $ 4.42 |
   | Conflict Solution Services (half day mediation) | TA | $ 800 |
   | Conflict Solution Services (half day mediation) | SA | $ 800 |
   |  |  | $ |

   [ ] Continued on Attachment 14b.                                Total: $ 2,030.36

15. **Reimbursement of expenses paid by petitioner**

   a. [✓] Petitioner has paid none of the claimant's expenses listed in items 13 and 14 for which reimbursement is requested.
   b. [ ] Petitioner has paid (or become obligated to pay) the following total amounts of the claimant's expenses for which reimbursement is requested.
   
   (1) [ ] Medical expenses listed in item 13: $
   (2) [ ] Attorney's fees included in the total fee amount shown in item 14a: $
   (3) [ ] Other expenses included in the total shown in item 14b: $ _____
   
   Total: $ _____

   *(Attach proofs of the expenses incurred and payments made or obligations to pay incurred, e.g., bills or invoices, canceled checks, credit card statements, explanations of benefits from insurers, etc.)*

16. **Net balance of proceeds for the claimant**
   The balance of the proceeds of the proposed settlement or judgment remaining for the claimant after payment of all requested fees and expenses is: $ 531,304.00

17. **Summary**

   a. Gross amount of proceeds of settlement or judgment for claimant: $ 800,000.00
   b. Medical expenses to be paid from proceeds of settlement or judgment: $ 0
   c. Attorney's fees to be paid from proceeds of settlement or judgment: $ 266,666.66
   d. Expenses (other than medical) to be paid from proceeds of settlement or judgment: $ 2,030.36
   e. Total of fees and expenses to be paid from proceeds of settlement or judgment (add (b), (c), and (d)): $ ( 268,697.02 )
   f. Balance of proceeds of settlement or judgment available for claimant after payment of all fees and expenses (subtract (e) from (a)): $ 531,304.00

MC-350

| CASE NAME: T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER: 2:25-cv-05555-MCS (ASx) |
|---|---|

18. **Information about attorney representing or assisting petitioner**
   a. (1) [ ] Petitioner has not been represented or assisted by an attorney in preparing this petition or in any other way with respect to the claim asserted. *(Go to item 19.)*
      (2) [✓] Petitioner has been represented or assisted by an attorney in preparing this petition or with respect to the claim asserted. Petitioner and the attorney [ ] do not [✓] do have an agreement for services provided in connection with the claim giving rise to this petition. *(If you answered "do," attach a copy of the agreement as Attachment 18a, and complete items 18b.–18f.)*
   b. The attorney who has represented or assisted petitioner is *(name):* Cooper Alison-Mayne
      (1) State Bar number: 343169
      (2) Law firm: Law Offices of Dale Galipo
      (3) Address: 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367
      (4) Telephone number: 818-347-3333
   c. The attorney [✓] has not [ ] has received attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "has," identify the person who paid the fees or other compensation, the amounts paid, and the dates of payment):*

   | From whom *(names)* | Amounts | Dates |
   |---|---|---|
   | | $ | |
   | | $ | |
   | | $ | |
   | | $ | |
   | | $ | |

   [ ] Continued on Attachment 18c.
   d. The attorney [✓] did not [ ] did become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier. *(If you answered "did," explain the circumstances in Attachment 18d.)*
   e. The attorney [✓] is not [ ] is representing or employed by any other party or any insurance carrier involved in the matter. *(If you answered "is," identify the party or carrier and explain the relationship in Attachment 18e.)*
   f. The attorney [ ] does not [✓] does expect to receive attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "does," identify the person who will pay the fees or other compensation, the amounts to be paid, and the expected dates of payment):*

   | From whom *(names)* | Amounts | Expected dates |
   |---|---|---|
   | Alexander Arenas | $ 5,333.33 | |
   | Kristin Arenas | $ 5,333.33 | |
   | Linda Lee Steele | $ 8,333.33 | |
   | Alberto Hurtado | $ 14,333.33 | |
   | | $ | |

   [ ] Continued on Attachment 18f.

| | |
|---|---|
| CASE NAME:<br>T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER:<br>2:25-cv-05555-MCS (ASx) |

**MC-350**

19. **Disposition of balance of proceeds of settlement or judgment**
    Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows:

    a. ☐ There is a guardianship of the estate of the minor or a conservatorship of the estate of the adult person with a disability filed in *(name of court):*

    Case no.:

    (1) ☐ $ _____ of the proceeds in money or other property will be paid or delivered to the guardian of the estate of the minor or the conservator of the estate of the conservatee. The money or other property is specified in Attachment 19a(1).

    (2) ☐ Petitioner is the guardian or conservator of the estate of the minor or the adult person with a disability. Petitioner requests authority to deposit or invest $ _____ of the money or other property to be paid or delivered under 19a(1) with one or more financial institutions in this state or with a trust company, subject to withdrawal only as authorized by the court. The money or other property and the name, branch, and address of each financial institution or trust company are specified in Attachment 19a(2).

    (3) ☐ Petitioner proposes that all or a portion of the proceeds **not** become part of the guardianship or conservatorship estate. Petitioner requests authority to deposit or transfer these proceeds as follows *(check all that apply):*

    (a) ☐ $ _____ will be deposited in insured accounts in one or more financial institutions in this state from which no withdrawals can be made without a court order. The name, branch, and address of each depository are specified in Attachment 19a(3).

    (b) ☐ $ _____ will be invested in a single-premium deferred annuity subject to withdrawal only on order of the court. The terms and conditions of the annuity are specified in Attachment 19a(3).

    (c) ☐ $ _____ will be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the property to be transferred are specified in Attachment 19a(3).

    (d) ☐ $ _____ will be transferred to the trustee of a trust that is either created by or approved of in the order approving the settlement or the judgment given or to be given for the minor. This trust is revocable when the minor attains the age of 18 years and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the property to be transferred are specified in Attachment 19a(3).
    ☐ A copy of the (proposed) judgment is attached as Attachment 4c.

    (e) ☐ $ _____ will be transferred to the trustee of a special needs trust under Probate Code sections 3602(d) and 3604 for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the property to be transferred are specified in Attachment 19a(3).

MC-350 [Rev. January 1, 2011]

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
(Miscellaneous)

Page 8 of 10

MC-350

| CASE NAME: T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER: 2:25-cv-05555-MCS (ASx) |
|---|---|

19. **Disposition of balance of proceeds of settlement or judgment** (cont.)
    Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows:

    b. [✓] There is no guardianship of the estate of the minor or conservatorship of the estate of the adult person with a disability. Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows *(check all that apply):*

    (1) [ ] A guardian of the estate of the minor or a conservator of the estate of the adult person with a disability will be appointed. $_____ of money and other property will be paid or delivered to the person so appointed. The money or other property are specified in Attachment 19b(1).

    (2) [ ] $_____ of money will be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only upon the authorization of the court. The name, branch, and address of each depository are specified in Attachment 19b(2).

    (3) [✓] $ 531,304 of money will be invested in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court. The terms and conditions of the annuity are specified in Attachment 19b(3).

    (4) [ ] $_____ will be paid or transferred to the trustee of a special needs trust under Probate Code sections 3604 and 3611(c) for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the money or other property to be paid or transferred are specified in Attachment 19b(4).

    (5) [ ] $_____ will be paid or delivered to a parent of the minor, upon the terms and under the conditions specified in Probate Code sections 3401–3402, without bond. The name and address of the parent and the money or other property to be delivered are specified in Attachment 19b(5). *(Value of minor's entire estate, including the money or property to be delivered, must not exceed $5,000.)*

    (6) [ ] $_____ will be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the money or other property to be transferred are specified in Attachment 19b(6).

    (7) [ ] $_____ will be transferred to the trustee of a trust that is either created by or approved of in the order approving the settlement or the judgment given or to be given for the minor. This trust is revocable when the minor attains the age of 18 years and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the money or other property to be transferred are specified in Attachment 19b(7).
        [ ] A copy of the (proposed) judgment is attached as Attachment 4c.

    (8) [ ] $_____ of money will be held on such conditions as the court in its discretion determines is in the best interest of the minor or the adult person with a disability. The proposed conditions are specified on Attachment 19b(8). *(Value must not exceed $20,000.)*

    (9) [ ] $_____ of property other than money will be held on such conditions as the court in its discretion determines is in the best interest of the minor or the adult person with a disability. The proposed conditions and the property are specified in Attachment 19b(9).

    (10) [ ] $_____ will be deposited with the county treasurer of the County of *(name):* _____ The deposit is authorized under and subject to the conditions specified in Probate Code section 3611(h).

    (11) [ ] $_____ will be paid or transferred to the adult person with a disability. The money or other property is specified in Attachment 19b(11).

    [ ] Continued on Attachment 19.

MC-350 [Rev. January 1, 2011]  **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
(Miscellaneous)

Page 9 of 10

| | |
|---|---|
| CASE NAME:<br>T.A., S.A., et al. v. City of Downey, et al. | CASE NUMBER:<br>2:25-cv-05555-MCS (ASx) |

MC-350

20. ☐ **Statutory liens for special needs trust**
Petitioner requests a court order for payment of funds to a special needs trust *(explain how statutory liens under Probate Code section 3604, if any, will be satisfied)*:

☐ Continued on Attachment 20.

21. ☐ **Additional orders**
Petitioner requests the following additional orders *(specify and explain)*:

☐ Continued on Attachment 21.

22. Petitioner recommends the compromise settlement or the proposed disposition of the proceeds of the judgment for the claimant to the court as being fair, reasonable, and in the best interest of the claimant and requests that the court approve this compromise settlement or proposed disposition and make such other and further orders as may be just and reasonable.

23. Number of pages attached: __2__

Date: August 26, 2025

Dale K. Galipo
(TYPE OR PRINT NAME OF ATTORNEY)

▶ */s/ Dale K. Galipo*
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/27/2025

Julietta Churcher
(TYPE OR PRINT NAME OF PETITIONER)

▶ Signed by: [signature]
A3D0E58D3D084E2
(SIGNATURE OF PETITIONER)

MC-350 [Rev. January 1, 2011]    **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**    Page 10 of 10
(Miscellaneous)

**ATTACHMENT 6**

This case arose from the fatal officer-involved shooting of Alberto Arenas, a 29-year-old Downey resident, on June 29, 2024. Officers responded to a disturbance call and encountered Mr. Arenas, who was holding what appeared to be a rifle. Despite officers' attempts to deescalate, Mr. Arenas raised the apparent rifle over a fence, prompting officers to fire. Mr. Arenas was struck by gunfire and pronounced deceased at the scene. It was later determined that the object he was holding was an airsoft-style rifle, not a real firearm. But the object was indistinguishable from a real firearm. This is a picture of the airsoft gun.



The facts in the instant action present a highly challenging case for Plaintiffs. The evidence strongly favored the officers' perception of an imminent deadly threat, making it extremely difficult to prevail at trial or to obtain any significant recovery. Under the circumstances, the parties reached a settlement of $900,000, which Plaintiffs' counsel believe is a very good result for Plaintiffs given the legal and factual obstacles.

## **ATTACHMENT 12**

| | | |
|---|---|---|
| 2: (b) | T.A. Date of Birth: 11/29/2021 | (C) T.A. age: 4, almost 5 |
| 2: (b) | S.A. Date of Birth: 10/22/2023 | (C) S.A. age: 1, almost 2 |

| | | |
|---|---|---|
| 12. b. (3) | T.A. and his attorneys | $400,000 |
| | S.A. and his attorneys | $400,000 |