LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Cooper Mayne, Esq. (SBN 343169)
Email: cmayne@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. and S.A., minors by and through their Guardian ad Litem JULIETTA CHURCHER; ALBERTO HURTADO; LINDA LEE STEELE; ALEXANDER ARENAS; KRISTEN ARENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DOWNEY, DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05555-MCS (ASx)<br>*District Judge Mark C. Scarsi*<br>*Magistrate Judge Alka Sagar*<br><br>**AMENDED DECLARATION OF COOPER MAYNE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS** |

-1-
AMENDED DECLARATION OF COOPER MAYNE

## DECLARATION OF COOPER MAYNE

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' application for approval of the compromise of the claims of Minor Plaintiffs in this case (T.A., a minor, by and through guardian *ad litem* Julietta Churcher, individually and as successor in interest to Alberto Arenas, deceased; and S.A., a minor, by and through guardian *ad litem* Julietta Churcher, individually and as successors in interest to Alberto Arenas, deceased) (hereinafter, "the Minor Plaintiffs").

2. I spoke with Kimberly Sarmiento, attorney for the City of Downey, who confirmed that Defendant does not oppose the filing of this application on an *ex parte* basis, nor do they or their counsel oppose the proposed distribution of the settlement funds.

3. The terms of the annuity to be purchased pursuant to this application are time-sensitive, as interest rates fluctuate. If approval were delayed until a regularly noticed motion could be heard, the quoted rates would likely expire before Defendant was ordered to purchase the annuity.

4. Minor plaintiffs T.A., and S.A. are the minor children of the decedent in this case, Alberto Arenas, and bring their claims as successors in interest to Mr. Arenas. S.A. was born on October 22, 2023. T.A. was born on November 29, 2021.

5. The settlement agreement obligates Defendant to pay Plaintiffs and their attorneys of record the total gross sum of $900,000 divided between the Plaintiffs in the gross amounts as follows:

| | |
|---|---|
| T.A. and his attorneys | $400,000 |
| S.A. and his attorneys | $400,000 |
| Alberto Hurtado and his attorneys | $43,000 |

| | | |
|---|---|---|
| | Linda Lee Steele and her attorneys | $25,000 |
| | Alexander Arenas and his attorneys | $16,000 |
| | Kristen Arenas and her attorneys | $16,000 |

Plaintiffs have agreed to settle their claims without a trial on the merits.

6. Plaintiffs T.A.'s and S.A.'s damages in this case arise from (1) the injuries suffered by their father, Alberto Arenas (the decedent), for which Plaintiffs T.A. and S.A. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiffs T.A.'s and S.A.'s individual losses of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

7. Plaintiffs' attorneys are requesting attorneys' fees of 33.3% of the $900,000 in gross settlement proceeds. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo that provide for a 40% contingency fee. However, Plaintiffs' attorneys have agreed to accept a reduced 33.3% contingency fee in this case, which is a total of $300,000, divided as follows: (1) $133,33.33 from T.A.; (2) $133,333.33 from S.A.; (3) $5,333.33 from adult plaintiff Alexander Arenas; (4) $5,333.33from adult plaintiff Kristin Arenas; (5) $8,333.33 from adult plaintiff Linda Lee Steele; and (6) $14,333.33 from adult plaintiff Alberto Hurtado.

8. Plaintiffs' attorneys also seek reimbursement for each minor plaintiff's pro rata share of Plaintiffs' total advanced litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $2,284.15. Each minor plaintiff's pro rata share of the litigation costs is as follows:

T.A.: $1,015.18

S.A.: $1,015.18

9. The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel. Mr. Galipo is

one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the shooting case *Lewis v. County of Kern*, tried in federal court before the Honorable Kirk E. Sheriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023 before the Honorable Dolly M. Gee; $17,200,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

Mr. Galipo has recently been awarded statutory attorney fee rates of over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In the case

*Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case, as well as $1,200 per hour for his work in defending defendants' appeals to the Ninth Circuit and the Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 33.3% contingency attorney fee in this case.

      Additionally, this case involved a substantial amount of risk. If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in cases such as this one, it would not be able to take such difficult cases. In turn, minor plaintiffs such as T.A. and S.A. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs.

      10.    As stated above, the gross amount of the settlement is $900,000. After deducting requested attorneys' fees and deducting and the pro-rata share of costs and lien asserted against D.S.'s share of the settlement, the total net settlement proceeds to the Minor Plaintiffs are as follows:

      **T.A.: $265,652.00**

      **S.A.: $265,652.00**

      11.    It is requested that $265,652.00 be used to fund a structured settlement annuity for T.A. Attached as "Exhibit A" to the Declaration of Cooper Mayne is the

1  proposed structured settlement annuity for T.A., which is incorporated herein in its
2  entirety by reference. T.A.'s guardian *ad litem,* Julietta Churcher, agrees to this
3  proposal and believes that it is in the best interests of T.A.
4      It is further requested that $265,652.00 be used to fund a structured settlement
5  annuity for S.A. Attached as "Exhibit A" to the Declaration of Cooper Mayne is the
6  proposed structured settlement annuity for S.A., which is incorporated herein in its
7  entirety by reference. S.A.'s guardian *ad litem,* Julietta Churcher, agrees to this
8  proposal and believes that it is in the best interests of T.B.
9      12.  This application or petition does not seek an order for payment of
10 money to a special needs trust.
11     13.  The moving guardian *ad litem* does not have any claims against the
12 minor plaintiffs in connection with the subject incident.
13     14.  I (attorney Cooper Mayne, California State Bar Number 343169)
14 prepared the petition filed concurrently herewith. I am an attorney with the Law
15 Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310,
16 Woodland Hills, California, which represents the Plaintiffs in this action.
17     15.  Plaintiffs' attorneys did not become concerned with this matter at the
18 instance of any party against whom the claims of the Minor Plaintiffs are asserted.
19     16.  Plaintiffs' attorneys are not employed by any other party or any
20 insurance carrier involved in the matter.
21     17.  Plaintiffs' attorneys have not to date received any compensation for
22 their services in connection herewith from any person.
23     18.  In addition to receiving compensation from the Minor Plaintiffs' shares
24 of the settlement as described herein, Plaintiffs' attorneys expect to receive
25 compensation for their services in connection herewith from the gross settlement
26 proceeds allocated to adult Plaintiffs Alberto Hurtado, Linda Lee Steele, Alexander
27 Arenas, and Kristin Arenas as follows: (1) Plaintiffs' attorneys will receive
28 $14,333.33 in attorneys' fees from Alberto Hurtado's portion of the settlement and

reimbursement from Alberto Hurtado the amount of his pro rata share of costs advanced, which is $109.13; (2) Plaintiffs' attorneys will receive $8,333.33 in attorneys' fees from Linda Lee Steele's portion of the settlement and reimbursement from Linda Lee Steele the amount of her pro rata share of costs advanced, which is $63.45; (3) Plaintiffs' attorneys will receive $5,333.33 in attorneys' fees from Alexander Arenas' portion of the settlement and reimbursement from Alexander Cleveland Arenas the amount of his pro rata share of costs advanced, which is $40.61; and (4) Plaintiffs' attorneys will receive $5,333.33 in attorneys' fees from Kristen Arenas' portion of the settlement and reimbursement from Kristen Noel Arenas the amount of her pro rata share of costs advanced, which is $40.61.

19. Attached hereto as "Exhibit B" is a group of documents from Metropolitan Tower Life Insurance Company including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 26th day of August at Woodland Hills, California.

*/s/ Cooper Mayne*
Cooper Mayne

# EXHIBIT A

**ADDENDUM to RELEASE**

1. <u>Payments</u>

In consideration of the RELEASE to which this Addendum is attached and incorporated, City of Downey, the Defendant has agreed to issue a separate settlement check for the structure portion for benefit of the Plaintiff, Minors T.A. and S.A., by and through the Guardian ad Litem, as further detailed in Section 1.1:

    1.1    The separate check for the combined annuity payment of $531,304.00 ($265,652.00 per each Minor) will be made payable to MetLife Assignment Company, Inc. (Assignee) to fund the structured settlement annuity. The future periodic payments will be made by Metropolitan Tower Life Insurance Company (Annuity Company) and payable to the following Payees.

Periodic payments made according to the Schedule of Payments as follows (the "Periodic Payments"):

**Payable to Julietta Churcher, as Parent and Guardian:**

$600.00 payable monthly for 14 years guaranteed, beginning 12/01/2025 with the last guaranteed payment in 11/101/2039.

**Payable to T.A. :**

$30,000.00 payable annually for 3 years guaranteed, beginning 11/29/2040 with the last guaranteed payment on 11/29/2042.

$45,000.00 paid as a lump sum on 11/29/2039

$50,000.00 paid as a lump sum on 11/29/2044

$50,000.00 paid as a lump sum on 11/29/2046

$289,500.00 paid as a lump sum on 11/29/2048

**Payable to Julietta Churcher, as Parent and Guardian:**

$600.00 payable monthly for 15 years, 11 months guaranteed, beginning 12/01/2025 with the last guaranteed payment in 10/01/2041.

**Payable to S.A. :**

$30,000.00 payable annually for 3 years guaranteed, beginning 10/22/2042 with the last guaranteed payment on 10/22/2044.

$45,000.00 paid as a lump sum on 10/22/2041

$50,000.00 paid as a lump sum on 10/22/2046

$50,000.00 paid as a lump sum on 10/22/2048

$319,321.35 paid as a lump sum on 10/22/2050

All the payments set forth herein constitute damages on account of personal, physical injuries, arising from an occurrence within the meaning of Section 104(a)(2) of the IRS Code of 1986 as amended.

2. <u>Qualified Assignment</u>

The parties hereto acknowledge and agree that the Defendant will execute a qualified assignment within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's liability to make the Periodic Payments set forth in Section 1.1 to MetLife Assignment Company, Inc. (the "Assignee"). Such assignment, when made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant from such obligation hereunder shall be assigned to the Assignee. The Plaintiff recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant shall thereupon become final, irrevocable and absolute.

3. <u>Plaintiff's Right to Payments</u>

None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be:

i. Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

ii. Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly

4. <u>Right to Purchase Annuity</u>

The Defendant and/or the Assignee reserve the right to fund its liability to make Periodic Payments in Section 1.1 through the purchase of an annuity policy from Metropolitan Tower Life Insurance Company (the "Annuity Issuer"). The Assignee shall be the owner of the annuity policies and shall have all the rights of ownership. The Assignee may have the Annuity Issuer mail payments directly to the Payee. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information with the Annuity Issuer.

5. <u>Payee's Beneficiary</u>

    Any payments to be made after the death of any Payee shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no such person or entity is so designated by such Payee, such payments shall be made to the Estate of that Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee.

6. <u>Discharge of Obligation</u>

    The obligation of the Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee. If the Payee notify the Assignee that any check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfers deposited, shall have the Annuity Issuer process a replacement payment.

Dated: _____    Plaintiff:    T.A. and S.A., Minors by and through the Guardian ad Litem

                                                                                                        _____

                                                                                                        By: Guardian ad Litem

Dated:_____    Attorney for Plaintiff:

                                                                                                         Law Offices of Dale K. Galipo

                                                                                                         _____

# EXHIBIT B

# Metropolitan Tower Life Insurance Company (Met Tower Life)

## Financial Quality

A wholly owned subsidiary of MetLife, Inc.[1]
Data as of December 31, 2023.

### Retirement & Income Solutions (RIS)

Our Retirement and Income Solutions business provides funding and financing solutions that help institutional customers mitigate and manage liabilities primarily associated with their qualified, nonqualified and welfare employee benefit programs using a spectrum of life and annuity-based insurance and investment products. RIS issues products for transferred pension liabilities, stable value, funding agreements, institutional income annuities, benefits funding, structured settlements, and longevity reinsurance through Metropolitan Life Insurance Company and Metropolitan Tower Life Insurance Company.

### Size and strength of Met Tower Life

Met Tower Life can assume responsibility for annuity contracts of all sizes. On a statutory accounting basis, Met Tower Life has approximately $54.4 billion in total admitted assets (including separate accounts and approximately $5.4 billion pledged as collateral for any loan or guaranty or which are otherwise not readily available to pay losses and claims or are not held to protect its policyholders or creditors) and approximately $52.0 billion in liabilities (as of December 31, 2023).

### Met Tower Life's size (as of December 31, 2023)

| | ($ millions) | | ($ millions) |
|---|---|---|---|
| **General account total cash & invested assets** | $29,500 | Liabilities | $51,987 |
| **Total general account assets** | $31,360 | Capital & surplus | $2,461 |
| **Separate account assets** | $23,088 | Total liabilities, capital and surplus (excluding AVR) | **$53,997** |
| **Net admitted assets** | **$54,448** | Asset valuation reserve (AVR) | $451 |
| | | **Total Capital*** | **$2,912** |

*Total capital is comprised of "capital & surplus" and "asset valuation reserve (AVR)."

MetLife | Retirement & Income Solutions

### Rating agency assessments

Metropolitan Tower Life Insurance Company's financial strength and claims-paying ability is currently rated "Superior", "Very strong" or "High quality" by the following major rating agencies.[2]

| Rating agency | Financial strength rating |
|---|---|
| A.M. Best | A+ Superior |
| Fitch | AA- Very strong |
| Moody's | Aa3 High quality |
| Standard & Poor's | AA- Very strong |

### General account investment portfolio



$29,500 million as of Dec 31, 2023

- 61.94% Bonds
- 19.59% Mortgage loans
- 6.53% Cash & short-term investments
- 4.46% Policy loans
- 0.38% Corporate Equity
- 0.15% Real estate
- 6.96% All other assets*

*Includes derivatives, receivables for securities, aggregate write-ins for invested assets and other invested assets.
**Note:** Categories may not equal total due to rounding.

| General account invested assets (as of Dec 31, 2023) | ($ millions) |
|---|---|
| Bonds | $18,272 |
| Mortgage loans | $5,779 |
| Cash & short-term investments | $1,925 |
| Policy loans | $1,315 |
| Corporate Equity | $111 |
| Real estate | $43 |
| All other assets* | $2,055 |
| **Total invested assets** | **$29,500** |

As of December 31, 2023, 95.69% of Met Tower Life's bond portfolio was investment grade.[3]

*Includes derivatives, receivables for securities, aggregate write-ins for invested assets and other invested assets.
**Note:** Categories may not equal total due to rounding.

## Bond quality



**$18,272 million**
as of Dec 31, 2023

- **95.69%** Investment grade (NAIC class 1–2)[3]
- **3.47%** Medium grade (NAIC class 3)
- **0.84%** High yield (NAIC class 4–6)

**Note:** Categories may not total 100% due to rounding.

## Capital to protect benefit payments

Met Tower Life's total statutory capital and surplus (including asset valuation reserves) is approximately $2.9 billion (as of December 31, 2023).

## Met Tower Life businesses

Met Tower Life has a diversified mix of business.

| Business mix (as of December 31, 2023) | Liability amount ($ millions) | Percentage |
| --- | --- | --- |
| **Deposit type contracts** | $10,172 | 43% |
| **Life** | $8,096 | 35% |
| **Individual annuities** | $2,846 | 12% |
| **Group annuities** | $2,128 | 9% |
| **Other*** | $147 | 1% |
| **Total policy holder liabilities** | **$23,387** | **100%** |

*Includes accidental death riders on life insurance policies, disability, accident & health, and other miscellaneous reserves.
**Note:** Categories may not equal total due to rounding.

**Safe Harbor Statement**
This document may contain or refer to forward-looking statements. Forward-looking statements give expectations or forecasts of the future using terms such as "anticipate," "estimate," "expect," "project," "intend," "plan," "believe," "will," and other terms tied to future periods. Results could differ materially from those expressed or implied in the forward-looking statements. Forward-looking statements are based on assumptions and expectations. They involve risks and uncertainties, including the "Risk Factors" MetLife, Inc. describes in its U.S. Securities and Exchange Commission filings. The company has no obligation to correct or update any forward-looking statement. Parts of this document may include additional information on forward-looking statements.

The document may also contain measures that are not calculated based on accounting principles generally accepted in the United States of America, or GAAP. Parts of this document, the Investor Relations portion of MetLife's website (www.metlife.com), or other parts of that website include information on non-GAAP financial information.



1. MetLife, Inc. is also the holding company parent of Metropolitan Life Insurance Company (MLIC) and other MetLife affiliates.
2. Current as of February 8, 2024. Ratings apply to Met Tower Life's financial strength and claims-paying ability and not the performance of any of its products. For current ratings and a more complete analysis of the financial strength of Met Tower Life, please go to https://www.metlife.com/about-us/corporate-profile/ratings/.
3. Includes exempt obligations.

This brochure is not intended to be, and should not be construed as, legal and/or tax advice. You should consult with your independent legal and tax advisors in connection with your consideration of purchasing an annuity to transfer plan liabilities.

Metropolitan Tower Life Insurance Company | 5601 South 59th St | Lincoln, NE 68516 1711
934256C   L0524040577[exp0525][All States][DC]  © 2024 MetLife Services and Solutions, LLC