UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. and S.A., minors by and through their Guardian ad Litem JULIETTA CHURCHER; ALBERTO HURTADO; LINDA LEE STEELE; ALEXANDER ARENAS; KRISTEN ARENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DOWNEY, DOES 1–10<br><br>Defendants. | Case No.: 2:25-cv-05555-MCS (ASx)<br><br>**ORDER APPROVING PLAINTIFFS' APPLICATION FOR COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS (ECF No. 19)** |

# ORDER

This Court, having considered Plaintiffs' Petition for Compromise of the Claims of minor the Plaintiffs T.A. and S.A., ("Minor Plaintiffs") and GOOD CAUSE appearing therefore, hereby **GRANTS** the Petition and makes the following orders:

1. The settlement of minor T.A.'s action against the Defendants in the net amount of $265,652.00 is hereby approved.

2. The settlement of minor S.A.'s action against the Defendants in the net amount of $265,652.00 is hereby approved.

3. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $900,000 no later than forty-five (45) days from the date of this Order, payable as follows:

    a) Defendants will purchase a structured annuity for the minor Plaintiff T.A. in the amount of $265,652.00 from MetLife Assignment Company, Inc.. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company. Defendants shall ensure that the annuity is funded within 45 days of the issuance of this Order.

    b) Additionally, Defendants will purchase a structured annuity for the minor Plaintiff S.A. in the amount of $265,652.00 from Assignee, which will provide periodic payments to be made by Annuity Carrier.

    c) Defendants shall ensure that the annuities are funded within 45 days of the issuance of this Order by making a check or checks payable to Assignee.

        d) Within 45 days of the signing of this Order, a draft for $368,696.00 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by the six plaintiffs in the total amount of $300,000, which is 33.3% of the gross settlement; (2) the advanced litigation costs ($2,284.15); (3) and the net settlement amount to the adult plaintiffs, Alberto Hurtado, Linda Lee Steele, Alexander Arenas, and Kristen Arenas.

2. For T.A., annuity Carrier shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Cooper Mayne and as set forth as follows:

        a) $600 payable monthly for 14 years guaranteed, beginning 12/01/2025 with the last guaranteed payment in 11/01/2039

        b) $45,000 lump sum, guaranteed tax free, payable on 11/29/2039

        c) $50,000 lump sum, guaranteed tax free, payable on 11/29/2044

        d) $50,000 lump sum, guaranteed tax free, payable on 11/29/2046

        e) $289,500 lump sum, guaranteed tax free, payable on 11/29/2048.

3. For S.A., annuity Carrier shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Cooper Mayne and as set forth as follows:

        a) $600 payable monthly for 15 years, 11 months guaranteed, beginning 12/01/2025 with the last guaranteed payment in 10/01/2041

        b) $45,000 lump sum, guaranteed tax free, payable on 10/22/2041

        c) $50,000 lump sum, guaranteed tax free, payable on 10/22/2046

        d) $50,000 lump sum, guaranteed tax free, payable on 10/22/2048

        e) $319,321.35 lump sum, guaranteed tax free, payable on 10/22/2050.

4. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

5. Disbursement drafts will be made payable to and will begin being issued directly to the Minor Plaintiffs upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit A" to the Declaration of Cooper Mayne filed concurrently herewith.

6. Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s), of the Defendants' liability to make the periodic payments as described above and in "Exhibit A" to the Declaration of Cooper Mayne. Such assignment, when made, shall be accepted by the Minor Plaintiffs without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee.

7. Defendants and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

8. The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

9. The Assignee may have Annuity Carrier transmit payments directly to the Minor Plaintiffs as set forth above. Julietta Churcher (until Plaintiffs T.A. and S.A. reach the age of majority) and then T.A. and S.A. shall be responsible for

///

///

maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED.**

Dated:  September 2, 2025

_____
Honorable Mark C. Scarsi
United States District Judge